**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

_____

No. 02-50622

(Summary Calendar)

_____


UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus


ANGEL LATORRE,

                              Defendant-Appellant.


Appeal from the United States District Court
For the Western District of Texas
SA-01-CR-644-ALL-EP

March 3, 2003


Before DAVIS, WIENER and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

    Angel Latorre was convicted of attempting to coerce and entice a minor to engage in sexual

activity, in violation of 18 U.S.C. § 2422(b) and § 2423(b).  He was sentenced to 105 months in

---

    [*]    Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

prison and three years of supervised release. Latorre now challenges one condition of his supervised release. The condition prohibits him from "visit[ing] any areas that are near schools, day-care centers, parks or other places where minors . . . under the age of 18, congregate." Latorre contends that this restriction is unconstitutionally vague.

Because Latorre failed to raise this issue in the district court, we review the court's determination only for plain error. *United States v. Edwards*, 303 F.3d 606, 640-41 (5th Cir. 2002). We have stated that an error is "plain" when it is "clear or obvious under current law." *Id.* at 641 (internal quotation marks omitted). Latorre has not demonstrated that the district court committed plain error when it imposed the condition in question. *See United States v. Paul*, 274 F.3d 155, 166-67 (5th Cir. 2001) (analyzing a similar condition and noting that, while the condition must provide fair notice of the prohibited conduct, lack of specificity is not necessary fatal to the validity of the restriction).

Accordingly, the judgment of the district court is AFFIRMED.